United States District Court
Southern District of Texas
**ENTERED**
May 05, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE LUIS MENDOZA-SOTO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:17-CV-305 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Jose Luis Mendoza-Soto, a prisoner proceeding pro se, initiated this civil rights action under 42 U.S.C. § 1983. (Docket No. 1.) It appeared that Plaintiff wished to assert civil rights claims against state jail officials, alleging that they exhibited deliberate indifference to his serious medical needs. In November 2017, Plaintiff filed a motion for appointment of counsel. (Docket No. 12.) After the Court denied this motion, the order was returned as "return to sender / refused / unable to forward." (Docket No. 18.) Plaintiff has taken no further action in this case.

As discussed below, Plaintiff has failed to prosecute this action, including failure to comply with the relevant rules and failing to keep the Clerk advised of his current address. Accordingly, the undersigned recommends that this action be dismissed.

### I.    BACKGROUND

On July 26, 2017, Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff alleges that he was denied medical attention after he fell and injured his left knee and "tendon" in the kitchen at the Lopez Unit of the Texas Department of Criminal Justice. (*Id.* at 4.) Plaintiff also appears to assert that he was denied medical attention for his hernia. (*Id.*) In November 2017, Plaintiff filed a motion for appointment of counsel. (Docket No. 12.)

On December 20, 2017, the undersigned entered an order alerting Plaintiff to his obligations under the PLRA, should he wish to proceed with this action in forma pauperis. (Docket No. 13.)  Plaintiff was notified that regardless of his in forma pauperis status, he would still be required to pay the entire $400 filing fee in installments when the funds were available in his prisoner's trust fund account.  (*Id.* at 1.)  He was also informed that even after paying all or any part of the filing fee, his Complaint would still be subject to dismissal if it were found to be frivolous or fails to state a claim upon which relief may be granted.  (*Id.*)  Plaintiff was given an opportunity to seek voluntary dismissal prior to funds being withdrawn from his account.  (*Id.* at 2.)  Plaintiff was also informed that he must "keep the Clerk advised in writing of his current address and to file promptly a change of address when necessary."  (*Id.*)  Plaintiff was further warned that "[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case."  (*Id.* (emphasis in original).)

On January 22, 2018, the court received a letter from Plaintiff, stating that he was going to be released to mandatory supervision and that he would "inform [the court] as soon as possible [regarding] my new address."  (Docket No. 16.)  This was the last communication the Court has received from Plaintiff.

On April 11, 2018, the Court entered an order denying Plaintiff's request for appointment of counsel.  (Docket No. 17.)  The Court again reminded Plaintiff of his obligation "to keep the Clerk advised in writing of his current address and to file promptly a change of address when necessary[,]" and that a "[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case."  *Id.* (emphasis in original).)  The order was returned as "return to sender / refused / unable to forward."  (Docket No. 18.)

## II.        ANALYSIS

Plaintiff's claims are subject to dismissal for failure to prosecute.  Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order[.]"  FED. R. CIV. P. 41(b).  Such dismissal may be made upon motion by the opposing party or on the court's own motion.  *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  While a court should be "appropriately lenient" with a party who is proceeding pro se, the "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).  Plaintiff has failed to comply with the relevant rules and to prosecute this action.

As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)).  This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR 83.4.

Plaintiff has failed to provide an updated address to the Clerk as required by Local Rule 83.4.   As described above, the last court document sent to Plaintiff was returned as undeliverable. (Docket No. 18.)

In short, Plaintiff has failed to prosecute this action.  Because Plaintiff failed to provide an updated address in compliance with Local Rule 83.4, this case should be dismissed for failure to prosecute.  *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a *pro se* litigant to notify the district court of an address change may be considered by

the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep court apprised of their correct address); *Day v. Cockrell*, No. 3:01-cv-1325-P, 2002 WL 31757777, at *1 (N.D. Tex. Nov. 21, 2002) (dismissing § 2254 habeas petition where petitioner failed to notify court of his change of address and orders were returned to the court as undeliverable). No less drastic sanction is available here, given that the last court document was returned as undeliverable and the Court thus cannot communicate with Plaintiff.[1] *See Carey*, 856 F.2d at 1441 (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be DISMISSED without prejudice based on Plaintiff's failure to prosecute.

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

---

[1] A copy of this Report will be sent to Plaintiff at the address he provided. Should Plaintiff respond to the Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate.

DONE at McAllen, Texas on May 5, 2020.

                                               Peter E. Ormsby  
                                     United States Magistrate Judge